CLERK'S COPY

FILED
AT ALBUQUERQUE NM

FEB 1 0 2000

ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES McCHAN,

    Plaintiff,

v.    No. CIV-99-1327 JC/LFG

ROB PERRY, Secretary, New Mexico Department of
Corrections; JOHN SHANKS, Director NMDOC;
RON LYTLE, Warden, NMDOC; DOCTOR JOHN M.
ROBERTSON, Correctional Medical Services, Director,
NMDOC; KATHY RUTIN CMS Medical Supervisor, NMDOC;
DOCTOR HUSSANE, CMS, NMDOC; COLEPEPPER, CMS,
Medical Supervisor, NMDOC; DENTAL SERVICES, PROVIDERS,
CMS, NMDOC; OFFICE OF HEALTH SERVICES, Director,
NMDOC; JOHN AND JANE DOES, Western New Mexico
Correctional Facility, Reception & Diagnostic Center; JOHN AND
JANE DOES, Southern New Mexico Correctional Facility; JOHN
AND JANE DOES, Central New Mexico Correctional Facility;
AND ALL ENTITIES OR PERSONS ACTING UNDER COLOR OF
LAW COMBINED INTO THE BODY OF THE NEW MEXICO
DEPARTMENT OF CORRECTIONS AND THE CORRECTIONAL
MEDICAL SERVICES, JOHN AND JANE DOES; CHARLES E.
SIMMONS, Secretary, Kansas Department of Corrections;
WILLIAM L CUMMINGS, Secretary of Corrections Designee, KDOC;
JAMES McCLINTON, Health Services Administrator, KDOC; Doctor
PODREBARAC, Prison Dentist, KDOC; DOCTOR DALE DAVIS,
State Dental Director, KDOC; DAVID R. McKUNE, Warden, KDOC;
KANSAS DEPARTMENT OF CORRECTIONS, JOHN AND JANE DOES;
LANSING CORRECTIONAL FACILITY, KDOC; JOHN AND JANE
DOES; PRISON HEALTH SERVICES INCORPORATED, KDOC,
JOHN AND JANE DOES; AND ALL ENTITIES OR PERSONS ACTING
UNDER COLOR OF STATE LAW COMBINED INTO THE BODY OF
THE KANSAS DEPARTMENT OF CORRECTIONS AND THE PRISON
HEALTH SERVICES, INC. FOR THE KANSAS DEPARTMENT OF
CORRECTIONS, JOHN AND JANE DOES;
individually and in their official capacities,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C.



§ 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's claims against certain Defendants will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action...is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges Plaintiff has a serious dental condition and has been denied necessary medical treatment at a number of correctional facilities in Kansas and New Mexico. Plaintiff claims Defendants' conduct has violated his rights under the Eighth Amendment, and he seeks damages and an injunction prohibiting Defendants from retaliating against him for filing this action.

Claims arising out of events in Kansas will be dismissed. This Court clearly has no jurisdiction of Kansas correctional officers or state employees. *Stein v. New York Police Dep't*, No. 95-6141, 1996 WL 32135, at **1 (10th Cir. Jan. 29, 1996); *cf. Far West Capital, Inc., v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995) (diversity action). Nothing in the complaint indicates any connection between the Kansas Defendants and the State of New Mexico such that *in personam* jurisdiction could be properly exercised, although the Kansas Defendants could consent to this Court's jurisdiction. Furthermore, venue of these claims is improper in this district, 28 U.S.C. § 1391(b); *see Flanagan v. Shively*, 783 F. Supp. 922, 935 (M.D. Pa.), *aff'd*, 980 F.2d 722 (3d Cir. 1992); *Robinson v. Love*, 155 F.R.D. 535, 536 n.1 (E.D. Pa. 1994). Under these

circumstances, claims against the Kansas Defendants could be dismissed or transferred to Kansas under 28 U.S.C. § 1406(a) and Fed.R.Civ.P. 12(b)(2) & (3). *Robinson*, 155 F.R.D. at 536 n.1. Accordingly, claims against Defendants Simmons, Cummings, McClinton, Podrebarac, Davis, McKune, and all Kansas Doe Defendants will be dismissed.

The complaint fails to allege personal involvement of a number of the named New Mexico Defendants. To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir.1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *Id*; *Grimsley v. Mackay*, 93 F.3d 676, 679 (10th Cir. 1996). Claims against Defendants Perry, Shanks, Lytle, Dental Services, Office of Health Services, and all New Mexico Doe Defendants will be dismissed.

Plaintiff's remaining claims are asserted against Defendants Robertson, Rutin, Hussane, and Colepepper in their official as well as individual capacities. Insofar as Plaintiff seeks money damages against these Defendants in their official capacity as employees or officials of the State of New Mexico, his action is equivalent to a suit against the State itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). These claims are not asserted against "persons" for purposes of § 1983, *id.*, and are barred by the Eleventh Amendment to the Constitution, which extends the sovereign immunity enjoyed by the States to actions in federal court. *See Griess v. Colorado*, 841 F.2d 1042, 1043-44 (10th Cir. 1988). Plaintiff's claims for money damages against Defendants Robertson, Rutin, Hussane, and Colepepper in their official capacities will be dismissed as frivolous.

Judgment will be entered on Plaintiff's claims in favor of Defendants Simmons, Cummings, McClinton, Podrebarac, Davis, McKune, John and Jane Does (Kansas), Perry, Shanks, Lytle, Dental Services, Office of Health Services, and John and Jane Does (New Mexico). Judgment will also be entered

in favor of Defendants Robertson, Rutin, Hussane, and Colepepper in their official capacities. Because these parties are no longer named Defendants, dismissal of claims against them is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956), *quoted in Wheeler Mach. Co. v. Mountain States Mineral Enter., Inc.*, 696 F.2d 787, 789 (10th Cir. 1983). The Court therefore expressly determines that there is no just reason for delay of entry of judgment on the order of dismissal, and will direct entry of final judgment in favor of these Defendants on Plaintiff's claims. Fed.R.Civ.P. 54(b).

Last, Plaintiff's request for an injunction is unsupported by factual allegations to justify equitable relief. Equitable relief can only be granted on a preliminary showing that an adequate remedy at law is not available. *Floyd v. United States*, 860 F.2d 999, 1003 (10th Cir. 1988). Nothing in the complaint indicates that Plaintiff need fear retaliation from Defendants for his attempts to obtain relief. Plaintiff's claims for injunctive relief will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Simmons, Cummings, McClinton, Podrebarac, Davis, McKune, and all Kansas Doe Defendants are DISMISSED without prejudice; Plaintiff's claims against Perry, Shanks, Lytle, Dental Services, Office of Health Services, and all New Mexico Doe Defendants are DISMISSED with prejudice; claims against Defendants Robertson, Rutin, Hussane, and Colepepper in their official capacities are DISMISSED with prejudice; claims for injunctive relief are DISMISSED with prejudice; and a form of judgment shall be entered in accordance with this opinion;

IT IS FURTHER ORDERED that the Clerk is directed to issue summonses, with notice and waiver forms, for Defendants Robertson, Rutin, Hussane, and Colepepper in their individual capacities.

UNITED STATES DISTRICT JUDGE